UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BARRY TYLER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:06CV527 DJS |
| ) | (TIA) |
| JIM MOORE,[1] ) | |
| ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This cause is before the Court on Missouri state prisoner Barry Tyler's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §§ 2254 (filed March 28, 2006/Docket No. 3). All pretrial matters were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) for appropriate disposition.

On June 17, 2004, Petitioner entered a guilty plea in the Circuit Court of St. Louis City, Missouri, of two counts of first-degree child molestation and one count of second-degree statutory sodomy and sentenced to a term of ten years. (Petition at ¶¶1-2; Resp. Exh. A). Petitioner did not appeal the judgment. (Petition at ¶ 8;Resp. Exh. ). Petitioner did not seek post-conviction relief. (Petition at ¶ 12(d)). Petitioner pursued a state habeas corpus to exhaust due to lack of access to law library. (Petition at ¶ 12(b); Resp. Exh. B). Petitioner filed a state habeas corpus action under Missouri Supreme Court Rule 91 in Pike County, Missouri, challenging the failure to exhaust, and

---

[1]Petitioner is presently incarcerated at the Farmington Correctional Center in Farmington, Missouri. Inasmuch as Al Luebbers is superintendent of the facility and thus is Petitioner's custodian, he should be substituted for Jim Moore as proper party respondent. Rule 2(a), Rules Governing Section 2254 Cases in United States District Courts.

the petition for writ of habeas corpus was denied on February 14, 2006. (February 14, 2006, Order, Cause No. 06P1-CC00005 at www.courts.mo.gov/casenet). Petitioner pursued no other action for review of his conviction and sentence in state court. The instant petition for writ of habeas corpus, signed by Petitioner on March 23, 2006, was filed in this Court on March 28, 2006, upon its receipt.[2]

In the instant petition for writ of habeas corpus, Petitioner raises three grounds for relief. In response to this Court's Order to Show Cause, Respondent requests the Court to dismiss the instant petition arguing that the petition is untimely filed pursuant to 28 U.S.C. § 2244(d)(1) inasmuch as direct review of Petitioner's conviction and sentence concluded more than one year prior to the filling of the instant petition. For the following reasons, Respondent's argument is well taken.

Pursuant to 28 U.S.C. § 2244(d)(1)A), a person in custody pursuant to the judgment of a state court has one year from the date upon which such judgment became final within which to submit an application for a writ of habeas corpus in federal court under 28 U.S.C. § 2254. For purposes of the statute, the state judgment is final upon "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Judgment becomes final, and thus the one-year statute of limitations is triggered by either:

> (I) the conclusion of all direct criminal appeals in the State system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was never sought, in the state system followed by the expiration of the time allotted for filing a petition for the writ.

Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998)). Because Petitioner did not file a direct appeal, his state court judgment became final on the date the sentence is entered. Missouri Supreme

---

[2]According Petitioner the benefit of the prison mailbox rule, the undersigned considers the instant petition to have been filed March 23, 2006, the date on which such petition was verified by Petitioner. See generally Nichols v. Bowersox, 172 F.3d 1068 (8th Cir. 1999).

Court Rule 30.01(d). Rule 30.01(d) provides that a defendant has ten days from that date to appeal. Id. In the instant cause, Petitioner did not file a direct appeal, and therefore the statute of limitations started to run when this time period expired on June 27, 2004. As such, the one-year period within which Petitioner had to file a petition for writ of habeas corpus under 28 U.S.C. § 2254 commenced on June 27, 2004. Petitioner had until June 27, 2005, to file a habeas petition in federal court, unless the one-year limitation was subject to tolling.

Under 28 U.S.C. § 2244(d)(2), the one-year limitation period for filing a habeas petition is tolled while "a properly filed application for State post-conviction or other collateral review ... is pending." Williams v. Bruton, 299 F.3d 981, 982 (8th Cir. 2002). The pendency of post-conviction review includes the time between the trial court's denial of post-conviction relief and the filing of an appeal from the denial, Beery v. Ault, 312 F.3d 948, 950 (8th Cir. 2002); and the time during the appeal process up through and including the date upon which the court of appeals issues its mandate. Payne v. Kemna, 441 F.3d 570, 572 (8th Cir. 2006). It is not pending, however, "between the date direct review concludes and the date an application for state postconviction relief is filed." Id. (citing Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001)). The appeal of a post-conviction relief motion remains pending until the Missouri Court of Appeals issues its mandate. Lawrence v. Florida, 549 U.S. 327, 127 S. Ct. 1079, 1082-83 (2007) (Court refers five times to the issuance of the mandate by state court as the "final judgment"); Bishop v. Dormire, 526 F.3d 382, 384 (8th Cir. 2008). The Eighth Circuit explained, in Williams, 299 F.3d at 983, as follows: Further, the statute is tolled once he files a timely and properly filed post-conviction relief motion and remains tolled until the mandate issues in his appeal. *See* Williams, 299 F.3d at 983 (holding that the limitations period is tolled "during the appeal period, even if the petitioner does not appeal.").

In this cause, Petitioner did not file a motion for post-conviction relief and thus did not trigger the tolling provision of § 2244(d)(2). Petitioner signed the instant petition on March 23, 2006, 634 days after the conclusion of direct review of his conviction. On the record before the Court, the instant petition is untimely filed under the provisions of 28 U.S.C. § 2244(d)(1)(A); see Riddle v. Kemna, 523 F.3d 850, 853 (8th Cir. 2008) (en banc). Inasmuch as Petitioner did not file the instant petition for writ of habeas corpus until March 23, 2006, the petition is untimely filed and should be dismissed. 28 U.S.C. § 2244(d)(1). Likewise, the filing of Petitioner's state habeas corpus petition on January 23, 2006, would not have tolled the one-year statute of limitations inasmuch as the state habeas petition was not pending while the one-year limitations period in § 2244(d)(1) ran. See Gray v. Gammon, 283 F.3d 917 (8th Cir. 2002) (the Eighth Circuit Court of Appeals declined to decide whether a pending Rule 91 proceeding qualifies as "other collateral review" because petitioner's Rule 91 petition was not pending during the running of one-year limitations period in § 2244(d)(1)). Inasmuch as Petitioner did not file the instant petition for writ of habeas corpus until March 23, 2006, the petition is untimely filed and should be dismissed. 28 U.S.C. § 2244(d)(1).

While equitable tolling may salvage an untimely petition, it is "an exceedingly narrow window of relief." Riddle, 523 F.3d at 857 (*quoting* Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001)). Petitioner has failed to demonstrate that "extraordinary circumstances beyond [his] control made it impossible for [Petitioner] to file [his] petition on time." Runyon v. Burt, 521 F.3d 942, 945 (8th Cir. 2008) (*quoting* Paige v. United States, 171 F.3d 559, 561 (8th Cir. 1999)). Equitable tolling will not work to save the instant petition, and Petitioner's claims are time-barred.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that Al Luebbers shall be substituted for Jim Moore as proper

party respondent.

**IT IS HEREBY RECOMMENDED** that the petition of Barry Tyler for a writ of habeas corpus be **DISMISSED** without further proceedings for the reason that the petition is untimely filed pursuant to 28 U.S.C. § 2244(d)(1).

The parties are advised that they have eleven (11) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

Dated this   13th   day of November, 2008.

                                                 /s/ Terry I. Adelman
                                                UNITED STATES MAGISTRATE JUDGE